Hamilton Dean **SNAVELY**, Plaintiff,

v.

**NORDSKOG ELECTRIC VEHICLES "MARKETEER"**, a Subsidiary of Nordskog Industries, Inc., Nordskog Industries, Inc.; ABC Company and XYZ Company, Defendants,

Pellerin Milnor Corporation and Travelers Insurance Company, Intervenors.

Civil Action No. 3:93–CV–5WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 6, 1995.

Memorandum Denying Reconsideration
Sept. 25, 1996

John Hunter Stevens, T. Mark Sledge, Sledge & Stevens, Jackson, MS, for Hamilton Dean Snavely.

Dominic J. Ovella, Brian Thomas Carr, J. Price McNamara, Frederic Theodore Le Clercq, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, for Pellerin Milnor Corporation and Travelers Insurance Company.

## ORDER

WINGATE, District Judge.

Before the court is the motion of the defendants, Nordskog Industries, Inc., (hereinafter "NII") and Nordskog Electric Vehicles (hereinafter "NEV"), a subsidiary of Nordskog Industries, Inc., asking this court to dismiss this lawsuit against them for want of personal jurisdiction and improper venue pursuant to Rule 12(b)(2) & (3) of the Federal Rules of Civil Procedure.[1] In his complaint, plaintiff alleges that the defendants are liable to him because of their negligence in manufacturing, marketing and placing into commerce a three-wheel motorized vehicle identified as a Model Number 323 Nordskog electric vehicle, which, contends plaintiff, was defective and the cause of his accident and subsequent severe injuries. According to the affidavits submitted by the defendants, they have never had any contacts whatsoever with the State of Mississippi which would subject them to this court's jurisdiction. Citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–77, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985), the defendants assert that requiring them to litigate this personal injury lawsuit in Mississippi before this court would offend traditional notions of fair play and substantial justice.

Plaintiff and the intervenors respond that by failing to respond to various requests for admissions, the defendants have admitted personal jurisdiction over them in this forum; that denial of personal jurisdiction over the defendants in this forum would substantially prejudice the plaintiff's cause of action due to the applicable statute of limitations; that the defendants rely upon authority which has been overruled; that defendants placed an instrumentality (the three-wheel vehicle) into the stream of commerce which they knew would find its way into this forum state and which caused the plaintiff's injury; and that subjecting defendants to this court's jurisdiction for litigation of this matter would not offend due process or principles of fairness.

Unpersuaded by the argument of the plaintiff and the intervenors, this court grants the defendants' motion for the reasons which follow.

## I. PARTIES AND JURISDICTION

Plaintiff Hamilton Snavely is an adult resident of Brookhaven, Mississippi. Defendants are California corporations. The intervenors are Pellerin Milnor Corporation, the plaintiff's former employer in Metairie, Louisiana, and Travelers Insurance Company, the workers compensation insurer for Pellerin Milnor Corporation. Their intervention was permitted by Order of the United States Magistrate Judge entered on March 29, 1993. This court has subject matter jurisdiction over this dispute predicated on Title 28 U.S.C. § 1332,[2] diversity of citizenship and amount in controversy in excess of $50,-000.00.

## II. PERTINENT FACTS

The plaintiff, Hamilton Dean Snavely, allegedly sustained severe personal injuries on December 8, 1986, while operating a Model 323 Nordskog Electric Vehicle in the ordinary course of his employment with the Pellerin Milnor Corporation in Metairie, Lou-

---

1. Rule 12(b)(2) & (3) of the Federal Rules of Civil Procedure provides:

 (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
 (2) lack of jurisdiction over the person;

 (3) improper venue; ...

2. Title 28 U.S.C. § 1332(a) provides in pertinent part:

 (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
 (1) citizens of different States; ...

isiana. As earlier stated, the plaintiff is an adult resident citizen of Brookhaven, Mississippi. On December 4, 1992, the plaintiff filed suit against NEV, NII and unknown potential defendants in the Circuit Court for the First Judicial District of Hinds County, Mississippi. The plaintiff's complaint accuses defendants of negligently designing the Nordskog Electric Vehicle; failing to warn the public of the vehicle's dangerous propensities; negligently marketing and selling the product in an inherently dangerous condition; and failing to equip the product with adequate safety devices. According to the plaintiff, this action was filed within the applicable Mississippi statute of limitations governing the plaintiff's claims.[3] The plaintiff further alleges that he effected proper service of process upon the defendants pursuant to the Mississippi long-arm statute, Miss.Code Ann. § 13–3–57[4] (Supp.1993), effective July 1, 1991.

On January 6, 1993, the defendants removed the plaintiff's action to this court pursuant to Title 28 U.S.C. § 1441.[5] On January 29, 1993, while reserving objections to this court's jurisdiction and venue over them, defendants sought additional time in which to respond to plaintiff's complaint and to answer discovery requests (including requests for admissions) which the plaintiff had filed contemporaneously with his complaint in state court. This court granted defendants until February 28, 1993, to answer and to respond to the discovery filed in state court, but the defendants opted not to respond. Instead, on March 2, 1993, NEV and NII moved to dismiss the plaintiff's complaint, claiming that this court lacks personal jurisdiction over these defendants.

On June 23, 1993, this court denied the defendants' motion, finding that defendants had failed to substantiate their position with any valid affidavits. Although defendants had submitted what purported to be affidavits, the papers were not properly executed. So, finding that defendants had failed to support their argument by competent proof, this court denied defendants' motion, but permitted them to re-urge the motion in proper form.

Thereafter, on July 16, 1993, defendants re-submitted their motion, this time with properly executed affidavits. Defendants submitted two affidavits in support of their motion to dismiss. The affidavit of Scott Breckley, NEV's general manager, states that NEV's manufacturing facilities are located in Redlands, California; that NEV's corporate offices are located in Van Nuys, California; that NEV maintains no offices or facilities outside the State of California; that NEV sells its electric vehicles mostly to independent distributors and rarely to the public; that NEV has no record showing that it ever sold an electric vehicle to any distributor for delivery in Mississippi; that NEV has no record of ever having entered into an independent distributorship agreement with anyone in Mississippi; and that

---

3. The Mississippi statute of limitations applicable to strict products liability in tort actions and personal injury actions at the time plaintiff filed this lawsuit was Miss.Code Ann. § 15–1–49, which established a limitation term of 6 years prior to its recent amendment. *Ford Motor Company v. Broadway*, 374 So.2d 207, 209 (Miss. 1979).

4. After July 1, 1991, the statute provided in pertinent part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall

> by such act or acts be deemed to be doing business in Mississippi *and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process on the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.* (emphasis added)

5. Title 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

NEV has no record of having sold any electric vehicles directly to the public in Mississippi. Furthermore, Breckley's affidavit asserts that NEV is not licensed to do business in Mississippi; has never conducted business in Mississippi; has never maintained offices in Mississippi; and has no employees or representatives located in Mississippi.

The second affidavit submitted by general counsel for NEV and NII, Bettie L. Pearson, asserts that NII is a California corporation with its principal place of business in Van Nuys, California. According to counsel's affidavit, NEV is a wholly owned subsidiary of NII licensed to business as a California corporation, with corporate offices in Van Nuys and manufacturing facilities in Redlands, California. There is no record, says counsel, that NII or NEV has ever conducted business in Mississippi or has ever entered into any contract with anyone in Mississippi.

Meanwhile, the court entered a scheduling order and the parties commenced discovery. The plaintiff was particularly desirous of obtaining discovery bearing on defendants' motion. Thus, on January 14, 1994, this court entered an order permitting the plaintiff forty-five days in order to conduct limited discovery on the issue of whether this court had in personam jurisdiction over the defendants.

Upon completion of this discovery, the plaintiff filed a supplemental response to the defendants' motion to dismiss for want of personal jurisdiction and improper venue. According to the plaintiff's supplemental response, by and through his own investigatory efforts, he had found evidence contradicting the affidavits submitted by the defendants. According to the plaintiff's supplemental response, the defendants' products are to be found at the Jackson International Airport located in Rankin County, Mississippi, and various industrial plants in Mississippi. Additionally, says plaintiff, there is a distributor of the defendants' products, one H.G. Mouat Company located at 1991 Interstate Drive, Richland, Mississippi; and that H.G. Mouat Company has a facility located in Irondale, Alabama, which sells the defendants' products to Mississippi customers and services those products.

Because it appeared to this court that the plaintiff had presented several findings directly contrary to the defendants' assertions in their affidavits, this court ordered the defendants to submit an additional response addressing the plaintiff's assertions contained in his supplemental response to the defendants' motion to dismiss. The defendants responded as directed, denying that the defendants ever entered into a distributorship agreement with H.G. Mouat Company in Richland, Mississippi, or with any other person in Mississippi. The defendants also denied that any of its products were shipped to H.G. Mouat Company in Irondale, Alabama, for shipment to facilities in Mississippi. The defendants further denied that any of their products were located in Mississippi.

Accompanying the defendants' response were certain invoices which, say the defendants, reflected all sales to H.G. Mouat in Irondale, Alabama, between March 30, 1989, and May 1, 1994. Defendants say that during this period of time H.G. Mouat did operate as a dealership of the defendants' products, as well as many other products. These invoices show that the purchaser of the goods was H.G. Mouat Company, Inc., in Irondale, Alabama. The customer receiving the goods is shown to be either Reynolds Metals Company in Sheffield, Alabama, or H.G. Mouat Company, Inc.

While these invoices are certainly supportive of the defendants' assertion that they did not engage in commerce in Mississippi, the invoices and the defendants' statements did not satisfy wholly this court's concerns with regard to the in personam jurisdiction question. Therefore, this court directed the parties to present themselves for oral argument and to be prepared to address all matters pertaining to the question whether that the defendants were doing business in Mississippi. The oral argument was held on April 6, 1995. At this hearing, the defendants fully satisfied this court's concerns regarding their claim that they were not present and did no business in Mississippi. Based on the presentations of the parties at this hearing, this court finds that the motion of the defendants is well taken and should be granted for the reasons that follow.

### III. APPLICABLE LAW

#### A. Burden of Proof

When jurisdiction is to be decided by the court on the basis of affidavits, the plaintiff need only present facts sufficient to constitute a prima facie case of personal jurisdiction. The plaintiff is not bound to prove these facts under the higher standard of proof by a preponderance of the evidence. *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir.1990), and *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 545–46 (5th Cir.1985). Moreover, on a motion to dismiss for lack of jurisdiction, the court accepts as true any uncontroverted allegations in the plaintiff's complaint and resolves conflicts between the facts contained in the parties' affidavits in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists. *Bullion,* at 217.

A nonresident defendant is amenable to personal jurisdiction in a federal diversity suit to the extent permitted by a state court in the state in which the federal court resides. *Bullion v. Gillespie,* 895 F.2d 213, 215 (5th Cir.1990), citing *Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 616 (5th Cir.1989), and *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260, 1264 (5th Cir.1983). The state court or federal court sitting in diversity may assert jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 616 (5th Cir.1989); *WNS, Inc. v. Farrow,* 884 F.2d 200, 202 (5th Cir. 1989).

Before this court engages in the determination of whether Mississippi's long-arm statute applies and whether due process is satisfied, it must first determine the merits of the plaintiff's assertion that the defendants have waived their right to contest personal jurisdiction because they have admitted the matter by their failure to respond to the plaintiff's requests for admissions.

#### B. The Matter of Waiver

The plaintiff filed his complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on December 4, 1992. Attached to his complaint were various discovery requests, including some requests for admission. These requests for admission asked the defendants to admit the following:

9. Please admit that Nordskog Electric Vehicles is subject to the jurisdiction of this Court in the State of Mississippi in this action.

. . . . .

10. Please admit that Nordskog Industries, Inc., is subject to the jurisdiction of this Court in the State of Mississippi in this action.

Plaintiff and intervenors now argue that these matters are now deemed admitted since defendants have never answered them.

This case was removed to this federal forum from state court by the defendants. So, this court inquires first whether the requests for admission were admitted under the state rules of civil procedure prior to removal, then whether they were admitted under the federal rules of civil procedure after removal. This court finds that the argument of the plaintiff and intervenors is completely untenable. Neither the operation of the state nor federal rules of civil procedure upon the undisputed facts herein supports their position.

Rule 36(a) of the Mississippi Rules of Civil Procedure provides that:

[t]he matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five days after service of the summons upon him.

Rule 36(a) of the Federal Rules of Civil Procedure likewise imposes a thirty-day period for the respondent to answer: "[t]he matter is admitted unless, within 30 days after service of the request, ..., the party to whom the request is directed serves upon the

party requesting the admission a written answer or objection addressed to the matter...."

Plaintiff filed his complaint in state court on December 4, 1992. The state court issued summons on December 7, 1992. Defendants were served on December 11, 1992. On January 7, 1993, the defendants filed a notice of removal. Thereafter, on February 1, 1993, the defendants filed a motion for additional time to respond to the discovery propounded by the plaintiff with the state court complaint. An order granting the defendants until February 28, 1993, to respond was signed and entered by the United States Magistrate Judge on February 4, 1993. Then, on March 2, 1993, the defendants filed a motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(2) & (3) [6] of the Federal Rules of Civil Procedure for lack of jurisdiction over the person and improper venue.

 Generally, requests for admissions which are not answered within 30 days are deemed admitted. *Dukes v. South Carolina Insurance Co.,* 770 F.2d 545 (5th Cir.1985). However, in the instant case, the defendants removed the state court complaint to this court before the time for responding to requests for admissions had expired in state court. Thereafter, in federal court, the defendants requested and obtained additional time to respond to the plaintiff's discovery in this court. Meanwhile, this court took up the issue of whether in personam jurisdiction over the defendants in the Southern District of Mississippi was proper and never required the defendants to respond to the plaintiff's requests for admissions while the in personam jurisdiction issue was being considered. Hence, this court concludes the plaintiff's requests for admission cannot be deemed admitted under either Mississippi's Rules of Civil Procedure, nor under the Federal Rules of Civil Procedure for defendants' alleged failure to answer.

### C. *Applicability of the Long–Arm Statute Plaintiff's "Stream of Commerce" Argument—The Tort Prong*

The plaintiff was injured while operating the Nordskog Electric Vehicle in Louisiana,

not Mississippi. Plaintiff does not show that the electric vehicle which he was operating was sold in Mississippi, shipped to Mississippi, intended for use in Mississippi, or in any other way connected with Mississippi. Nevertheless, says plaintiff, when a company manufactures a product which is allegedly defective and places that product in the channels of interstate commerce for sale and resale, such a defendant could be subject to the jurisdiction of this court. *Breedlove v. Beech Aircraft Corporation,* 334 F.Supp. 1361 (N.D.Miss.1971). According to the plaintiff, *Breedlove* applies in this instance because it holds that a Mississippi citizen need not be injured in Mississippi in order to bring a cause of action in Mississippi.

The *Breedlove* Court found that the tort prong of Mississippi's long-arm statute subjects a nonresident manufacturer to in personam jurisdiction in the courts of Mississippi where:

a nonresident manufacturer of a dangerously defective or unsafe product who places it in interstate commerce for the purpose of distribution and ultimate sale to consumers in other States, whether with a specific intent that it be distributed, sold and used in this State or not, may be subjected to a personam action for damages in the courts of this State by such consumer who may be injured in this State as a result of its defective or unsafe condition.

*Id.* at 1364, 1365, citing *Smith v. Temco,* 252 So.2d 212 (Miss.1971).

 The tortious acts alleged in the plaintiff's complaint occurred in a location outside Mississippi. It is well established that at least some part of the tortious conduct alleged in the plaintiff's complaint must be committed in Mississippi in order for the Mississippi long-arm statute tort provision to apply. *See Rittenhouse v. Mabry,* 832 F.2d 1380, 1384 (5th Cir.1987) (act of alleged negligence was committed and completed in Tennessee). According to the plaintiff, all of the

---

6. See footnote 1 above.

defendants' tortious acts took place in Louisiana. Plaintiff's assertion that a Mississippi citizen is entitled to bring this lawsuit in a Mississippi court because the defendants could foresee the use of their product in another state by a Mississippi citizen is not sufficient to make the defendants amenable to suit in Mississippi, and plaintiff has shown no authority to support this contention. Hence, the tort prong of Mississippi's long-arm statute cannot subject the defendants to personal jurisdiction in the courts of Mississippi.

### D. The "Nexus" Requirement

In their original memorandum of authority in support of their motion to dismiss for want of personal jurisdiction in this forum, the defendants argued that the plaintiff had shown no minimum contacts between the defendants and the forum state. However, said defendants, even if the plaintiff could show some activities within the forum state, plaintiff could show no "nexus" between those activities and the plaintiff's injury which occurred in Louisiana. Relying on the Mississippi long-arm statute as it appeared in its pre–1991 amended form, and on *Smith v. DeWalt Products Corporation*, 743 F.2d 277, 279 (5th Cir.1984), the defendants argue that they were not amenable to suit under Miss. Code Ann. § 13–3–57.[7]

The plaintiff and the intervenors responded that Miss.Code Ann. § 13–3–57 was amended in 1991, and the nexus requirement was repealed effective July 1, 1991. *See Southern Pacific Transportation Company v. Fox*, 609 So.2d 357, 360 n. 5 (Miss.1992). Therefore, according to the plaintiff and the intervenors, there is no longer any requirement to show nexus.

The defendants argue that the plaintiff's cause of action accrued on December 4, 1986. Therefore, inasmuch as Miss.Code Ann. § 13–3–57's 1991 amendment must be prospectively applied, *see Southern Pacific Transportation Company v. Fox*, at 360, defendants contend, citing *Mladinich v. Kohn*, 186 So.2d 481 (Miss.1966), that the plaintiff cannot claim benefit of the 1991 amendment to Miss.Code Ann. § 13–3–57.

■ The court agrees with the plaintiff and the intervenors that the 1991 amendment applies in this case. Firstly, in *Southern Pacific Transportation Company v. Fox*, the Mississippi Supreme Court stated that the amended statute applies prospectively to actions *commenced* after its effective date. The amendment went into effect on July 1, 1991. The plaintiff's complaint was filed on December 4, 1992.

Secondly, the defendants' reliance on *Mladinich v. Kohn* is misplaced. In *Mladinich v. Kohn*, 250 Miss. 138, 164 So.2d 785 (1964), the plaintiffs' claims were dismissed for lack of in personam jurisdiction over the defendant. Later that year, Miss.Code Ann. § 13–3–57 was amended to permit causes of action against nonresident defendants who committed torts in whole or in part in Mississippi. Believing that the amended statute could be applied retrospectively to their benefit, the plaintiffs filed a new complaint which recited the same claims previously dismissed for lack of in personam jurisdiction. The Mississippi Supreme Court affirmed the lower court's dismissal of the plaintiffs' second complaint, holding that the 1964 amendment to Miss.Code Ann. § 13–3–57 was remedial and should be applied prospectively, notwith-

---

7. Miss.Code Ann. § 13–3–57 (the Mississippi long-arm statute) provided not only for jurisdiction over nonresidents but also for service of process when the defendant is a non-resident doing business in Mississippi. Prior to July 1, 1991, the long-arm statute provided in pertinent part as follows:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall

> commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, ..., to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served ...

For provisions of this statute after July 1, 1991, see footnote 4.

standing the statute's use of the word "accrued." The *Mladinich* plaintiffs commenced their cause of action well before the 1964 amendment to Miss.Code Ann. § 13–3–57, and the new complaint, asserting the same factual allegations as their previous complaint, could not have benefit of the amended statute since that would be tantamount to a retrospective application of the 1964 amendment.

In the case *sub judice,* the plaintiff did not commence his cause of action until after the 1991 amendment to Miss.Code Ann. § 13–3–57. Inasmuch as the amended statute applies to actions commenced after July 1, 1991, there is no requirement that the plaintiff show any nexus between any activity of the defendants in Mississippi and the events that led to the plaintiff's injury.

### E. The Contract and Doing Business Prongs

 The plaintiff asserts no breach of contract. Hence, personal jurisdiction over the defendants necessarily must rest on whether the defendants are doing business in Mississippi. Nonresidents are amenable to suits in Mississippi under the doing business portion of the long-arm statute in any actions accruing or incident to any business or any character of work or service performed in Mississippi. *McDaniel v. Ritter,* 556 So.2d 303, 308 (Miss.1989). It is no longer necessary to show any nexus between the business, work or service, and the events of a plaintiff's injury. *See* discussion above on *The "Nexus" Requirement; see also Southern Pacific Transportation Company v. Fox,* at 360, n. 5. However, the defendants contend that they have absolutely no contacts with Mississippi, and neither the plaintiff nor the intervenors has submitted any evidence to the contrary.

 Plaintiff and the intervenors contend that the defendants bear some burden of showing that they do no business, perform no service, or have any other contact with the State of Mississippi. Of course, the burden of establishing jurisdiction over the defendants is clearly on the plaintiff. *DeMelo v. Toche Marine Inc.,* 711 F.2d 1260, 1270 (5th Cir.1983). Furthermore, the defendants have produced two affidavits which assert the defendants' lack of any contact with the fo-

rum state. By way of these affidavits signed by NEV and NII affiants, the defendants assert that NEV and NII are not licensed to do business in Mississippi; that neither defendant has ever been licensed to do business in Mississippi; that both defendants are California corporations; that neither NEV nor NII has ever maintained an office in Mississippi; that neither defendant has any record of having done any business in Mississippi. NEV asserts that it has no record of having sold one of its electric vehicles in Mississippi, and NII asserts that it has no record of having made any contracts in Mississippi or having dispatched any representatives into Mississippi.

 Plaintiff has produced nothing to contradict defendants' affidavits. In his supplemental response, plaintiff averred that defendants probably had products at the Jackson Airport and various industrial plants in Mississippi, that one H.G. Mouat Company in Richland, Mississippi, is a distributor for defendants; and that the H.G. Mouat Company has a facility in Irondale, Alabama, which sells the defendants' products to Mississippi customers and services those products. During oral argument on the motion, defendants demonstrated by their various invoices for all shipments of their products to H.G. Mouat Company for the period in question, that none of the invoices shows shipments to customers or facilities located in Mississippi. Further, defendants by affidavit from company officials flatly denied that any of their products were located at the Jackson Airport or industrial plants in Mississippi. Defendants pointed out that plaintiff never announced this as a fact, but merely stated as a matter of pure conjecture that defendants' products are "no doubt" present at the Jackson Airport or industrial plants. This court agrees with defendants that such a response constitutes nothing more than conjecture. At oral argument, plaintiff's counsel was given the opportunity to show that his responses were based on credible fact instead of mere supposition. Plaintiff's counsel conceded that he had no means of attacking the import of the Mouat invoices and that his other statements were not based upon first-

hand knowledge, documentation or hearsay exceptions.

Hence, in view of plaintiff's failure to meet his burden and to offer contradictory evidence or other assertions, this court must conclude that the doing business prong of the Mississippi long-arm statute is inapplicable and does not subject the defendants to personal jurisdiction of the Mississippi courts.

Before trial begins, a plaintiff need only show jurisdiction by *prima facie* evidence, not by a preponderance of the evidence, and make a *prima facie* showing on the merits of the plaintiff's case. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir.1982). If, in a diversity action, the federal court is satisfied that the requisite showings have been made, it may exercise jurisdiction over a non-resident to the same extent that a court of the state could properly exercise jurisdiction. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985); *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir.1983). In view of the foregoing, however, this court is unpersuaded that the Mississippi long-arm statute makes the defendants amenable to the plaintiff's claim for damages in a Mississippi court.

### 6. *Due Process*

In order to satisfy the due process test for exercising personal jurisdiction over a nonresident defendant, the federal court must conclude, first, that the defendant has purposefully established "minimum contacts" with the forum state and, if so, that the court's entertainment of the suit against the nonresident would not offend "traditional notions of fair play and substantial justice." *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir.1990), citing *Asahi Metal Industry Company v. Superior Court*, 480 U.S. 102, 105, 107 S.Ct. 1026, 1029, 94 L.Ed.2d 92 (1987) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), and *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). However, even if minimal contacts are shown to exist, federal courts must still decline to exercise jurisdiction over the defendant if prosecution of the action in the forum state would be unreasonable or unfair. *Asahi Metal Industry Company v. Superior Court*, 480 U.S. at 121–22, 107 S.Ct. at 1037.

In the case *sub judice*, plaintiff has not established that defendants have any "minimum contacts" with the forum state. Hence, this court must conclude that notions of fair play and substantial justice dictate that the court grant defendants' motion and not require them to defend themselves in an inappropriate forum.

## IV. CONCLUSION

This court finds that there is no personal jurisdiction over the defendants, NEV and NII. Therefore, the complaint of the plaintiff, Hamilton Dean Snavely, against these defendants shall be dismissed. Furthermore, in view of the above findings, the court grants the portion of the defendants' motion with regard to venue being improper in the Southern District of Mississippi.

**SO ORDERED AND ADJUDGED.**

### *MEMORANDUM OPINION AND ORDER ON RECONSIDERATION*

Before the court is the motion of the plaintiff Hamilton Snavely and the motion of the intervenors Pellerin Milnor Corporation, the plaintiff's former employer in Metairie, Louisiana, and Travelers Insurance Company, the workers compensation insurer for Pellerin Milnor Corporation, to reconsider this court's Order dismissing the plaintiff's complaint for lack of in personam jurisdiction. The plaintiff's motion purports to be based on Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. The intervenors' motion cites as its basis Rule 59(e) of the Federal Rules of Civil Procedure.

Before addressing the merits of the motions of the plaintiff and the intervenors, this court finds that the motions are timely under Rule 59(e) which provides that a motion to amend judgment must be "served" not later than ten days after entry of judg-

ment.[1] This court's Order dismissing the case for lack of in personam jurisdiction was entered on November 7, 1995. Inasmuch as one is to exclude weekends and holidays from the calculation when determining whether a Rule 59(e) motion was served within ten days of the judgment, *see* Rule 6(a)[2] of the Federal Rules of Civil Procedure; and *Richardson v. Oldham*, 12 F.3d 1373, 1377 n. 9 (5th Cir.1994), the plaintiff and the intervenors had until November 21, 1995, to serve their respective motions.[3] The plaintiff served his motion on November 17, 1995. The intervenors served their motion on November 21, 1995. Thus, both motions were served within ten days and are treated as motions for reconsideration under Rule 59 of the Federal Rules of Civil Procedure.[4]

Plaintiff says this court's order should be set aside because he wants to take the depositions of H.G. Mouat Company and K & W Forklift, Inc., in order to establish that the defendants' products are regularly sold in Mississippi now and at the time in question. Thus, says plaintiff, these depositions may establish the requisite nexus for the plaintiff's claim of in personam jurisdiction over the defendants in Mississippi. The intervenors ask for reconsideration of this court's Order so that oral argument may be conducted after the depositions are taken.

▮ Firstly, this court has considered the request of the intervenors for oral argument and finds no basis for setting aside this court's Order or for holding it in abeyance just for the purpose of scheduling oral argu-

ments in this matter. Oral argument is a matter subject to this court's discretion. Thus, in view of all this court has considered, oral argument will not be required for final disposition of the in personam jurisdiction question. *See Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir.), *cert. denied*, 394 U.S. 1012, 89 S.Ct. 1628, 23 L.Ed.2d 39 (1969) (disposition without oral argument does not violate the rights of the parties).

Secondly, the plaintiff seeks to take depositions which, says plaintiff, will aid the court in determining whether in personam jurisdiction is present in the instant case. Accompanying the plaintiff's motion are several exhibits:

**Exhibit 1**—1990–91 and 1991–92 Jackson, Mississippi, telephone book excerpts showing the telephone number and address of Harry G. Mouat Company.

**Exhibit 2**—a 1994–95 excerpt of the same thing.

**Exhibit 3**—an estimate sent to Mr. John Stevens from Jackson, Mississippi, from K & W Forklift Parts & Supply, Inc., in Memphis, Tennessee.

While Exhibit 3 may show that a Mississippi resident contacted a Tennessee distributor in Tennessee in order to obtain an estimate for a "U.S. Electricar" which, says plaintiff, is the new name for the Nordskog product, there is nothing to show that this Mississippi customer ever ordered or took delivery of this product. Exhibits 1 and 2 offer nothing to persuade this court that a prima facie

---

1. In *Jones v. Western Geophysical Company of America*, 669 F.2d 280, 281–82 n. 1 (5th Cir. 1982), the Fifth Circuit referred to a motion for reconsideration of an "order finally disposing of an action prior to trial" as one for reconsideration under Rule 59(e).

2. According to Rule 6(a) of the Federal Rules of Civil Procedure, "[i]n computing any period of time prescribed or allowed by these rules, ..., the day of the act, event or default from which the designated period of time begins shall not be included.... When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."

3. Service of pleadings subsequent to the original complaint may be made upon an opposing attor-

ney "by mailing it to him at his last known address.... Service by mail is complete *upon mailing*." *See* Rule 5(b) of the Federal Rules of Civil Procedure. *The filing thereafter* of the motion must be made "within a reasonable time" after service. *See* Rule 5(d) of the Federal Rules of Civil Procedure.

4. Whether this court treats the motion under Rule 59(e) or Rule 60(b) depends on the time at which the motion is served. **If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e);** if it is served after that time, it falls under Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir.), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

showing of in personam jurisdiction can be made if this court were to set aside its Order. Instead, they show that the plaintiff was aware of the existence of H.G. Mouat for a considerable period of time prior to this court's Order of Dismissal. The plaintiff submitted to this court long before this court's Order was entered his assertion that there was a distributor of the defendants' products—H.G. Mouat Company—located at 1991 Interstate Drive, Richland, Mississippi. Plaintiff also contended that H.G. Mouat Company had a facility located in Irondale, Alabama, which sold and serviced the defendants' products to Mississippi customers. Knowing this, plaintiff either could have scheduled a deposition of H.G. Mouat or could have asked this court for permission to do so. However, no mention was made of any need to take the deposition of H.G. Mouat or K & W Forklift, Inc., until after this court's Order was filed. Thus, this court will not consider the plaintiff's belated request to take these depositions, nor will this court consider the exhibits attached to the plaintiff's motion to reconsider since they, too, are untimely. *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d at 174 (a district court may, without committing an abuse of discretion, refuse to admit and consider belatedly-filed evidentiary materials).

 The purpose of Rule 59(e) motions for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence, *see Waltman v. International Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989), not to submit matters already available to or known to the submitting party. A district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under Rule 59(e). That discretion, of course, is not limitless. For instance, in any case in which a party seeks to upset a summary judgment on the basis of evidence the party failed to introduce on time, two important judicial imperatives clash: the need to bring litigation to an end and the need to render just decisions on the basis of all the facts. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990). The task of a district court in such a case is to strike the proper balance between these competing interests. In order to do this, this court considers, among other things, the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, *whether the evidence was available before the party responded to the summary judgment motion,* and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened. *Lavespere,* 910 F.2d 167, 174.[5]

The plaintiff has not shown why the depositions he wishes to obtain could not have been obtained at some time prior to this court's Order of Dismissal. The plaintiff's request to take these depositions appears to be nothing more than an afterthought calculated to provide the plaintiff with a "last-ditch" opportunity to delay this court's ruling. *See Frito–Lay of Puerto Rico, Inc. v. Canas,* 92 F.R.D. 384 (D.C.P.R.1981) (Rule 59(e) motions should not be permitted to give unhappy litigants an additional chance to sway a judge).

Therefore, for the reasons stated, this court finds that the motions of the plaintiff and the intervenors for reconsideration of

---

5. *Waltman v. International Paper Co.,* 875 F.2d 468 (5th Cir.1989), cited by the Fifth Circuit in *Lavespere,* involved a plaintiff's motion to reconsider under Rule 59(e) after the district court had granted the defendant's motion for summary judgment. Attached to the plaintiff's motion were several evidentiary documents, all but one of which had been at the plaintiff's disposal at the time the plaintiff's opposition to the motion for summary judgment was filed. The district court refused to consider the documents on the ground that their submission was untimely. On appeal, the Fifth Circuit affirmed, stating that, "the purpose of Rule 59(e) motions for reconsideration was 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman,* 875 F.2d at 473. The Fifth Circuit, noting the plaintiff's evidentiary materials submitted along with the motion for reconsideration had been available to the plaintiff at the time she filed her opposition to the defendant's motion for summary judgment, concluded that they were not newly discovered documents. Because the plaintiff did not offer "any explanation" for her failure to submit them at that time, the court concluded that her submission of the materials was "untimely" and, accordingly, that the district court had not erred in refusing to consider those materials. *Id.* at 474.

this court's Order of Dismissal are not well taken and they are hereby denied.

**SO ORDERED AND ADJUDGED.**