656 So.2d 76 (1995)
Carl Daniel LOCKETT
v.
STATE of Mississippi.
No. 94-DP-00673-SCT.
Supreme Court of Mississippi, En Banc.
April 13, 1995.
Certiorari Denied June 19, 1995.
*77 Julie Ann Epps, Jackson, James W. Craig, Jackson, W.S. Moore, Jackson, for appellant.
Michael C. Moore, Atty. Gen., Jackson, Marvin L. White, Jr., Asst. Atty. Gen., Jackson, for appellee.
Certiorari Denied June 19, 1995. See 115 S.Ct. 2595.

ON MOTION TO VACATE OR SET ASIDE JUDGMENT, CONVICTION AND SENTENCE OF DEATH
DAN M. LEE, Presiding Justice.
This matter is before the Court on a second and successive "Application For Leave To File Motion To Vacate Or Set Aside Judgment, Conviction and Sentence of Death" filed pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1, et seq. (1994).
Carl Daniel Lockett was convicted of the capital murder of Geraldine Calhoun and sentenced to death by virtue of jury verdicts returned in the Circuit Court of Lamar County. This Court, on direct appeal, affirmed Lockett's conviction and sentence. On a later date, we denied Lockett's first application to proceed in the trial court for post-conviction relief.
Lockett has filed a second and successive application in this court seeking leave to file in the trial court yet another motion for post-conviction relief. Lockett seeks vacation of both his conviction of capital murder and the sentence of death imposed in its wake.
Without passing judgment on the actual merits of his five (5) allegations, we deny Lockett's second application for post-conviction relief by virtue of the time bar found in Miss. Code Ann. § 99-39-5(2) (1994) and the successive writ bar found in Miss. Code Ann. *78 § 99-39-27(9) (1994), which constitutes a bar to a second or successive petition. In short, each of the five (5) claims made belatedly by Lockett is doubly barred.

I. PROCEDURAL HISTORY
On December 13, 1985, John Calhoun and his wife, Geraldine, were brutally murdered in Rankin County. On January 14, 1986, a Rankin County Grand Jury returned two capital murder indictments against Lockett, one for the murder of John, the other for the murder of Geraldine. Following changes of venue to Jackson and Lamar Counties, respectively, Lockett was tried and convicted on April 2, 1986, for the murder of John Calhoun (Lockett I  DP-0672 formerly DP-64) and for Geraldine's murder on May 5 and 6, 1986 (Lockett II  DP-0673 formerly DP-67). Lockett was sentenced to death on each occasion. This published opinion addresses Lockett's second application for post-conviction relief from the conviction and sentence of death imposed for the murder of Geraldine Calhoun (Lockett II  DP-0673).
On September 30, 1987, Lockett's conviction of capital murder and sentence of death were affirmed by this Court on direct appeal in Lockett v. State, 517 So.2d 1346 (Miss. 1987), cert. denied 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988), reh. denied 487 U.S. 1250, 109 S.Ct. 13, 101 L.Ed.2d 963 (1988). Lockett later filed a "Motion to Vacate or Set Aside Judgment, Conviction and Sentence of Death" under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq., which was denied in Lockett v. State, 614 So.2d 898 (Miss. 1992), cert. denied ___ U.S. ___, 114 S.Ct. 681, 126 L.Ed.2d 649 (1994), reh. denied ___ U.S. ___, 114 S.Ct. 1212, 127 L.Ed.2d 559 (1994).
Lockett's first application for post-conviction relief, consisting of thirteen (13) individual grounds, was filed in Lockett II on December 22, 1988, and denied by this Court on October 1, 1992. On July 13, 1994, Lockett, by and through a fourth team of attorneys, filed the present application for post-conviction relief.

II. ANALYSIS
Lockett seeks permission to litigate in the trial court five issues, four (4) of which implicate the guilt-finding phase and one (1) implicating the sentence-determining phase of his two stage trial.
1. Whether the indictment is void and Lockett's conviction must be reversed because it fails to set forth the essential elements of burglary  the underlying felony of capital murder.
2. Whether Lockett's conviction must be reversed where the jury may have found him guilty without a finding beyond a reasonable doubt of the essential elements of the offense of capital murder.
3. Whether the trial court erred in admitting Lockett's confessions which were obtained in violation of his constitutional right to counsel.
4. Whether the trial court erred in overruling Lockett's request that the jury be instructed to consider as a mitigating factor that Lockett was under the influence of intoxicating beverages and/or drugs.
5. Whether the trial court erred in overruling Lockett's request for a lesser included offense instruction of manslaughter in violation of the Constitutions of the United States and Mississippi.
Lockett has also filed a second and successive post-conviction application aimed at his conviction and death sentence imposed for the murder of John Calhoun, Geraldine's husband. The first three claims presented in the present application dealing with Geraldine's murder are identical to the three claims presented in the companion application involving the murder of John.

A.

CLAIMS 1-3.
We have this day denied post-conviction relief in the companion application. Accordingly, Claims 1-3 of the present appeal are controlled by our decision rendered today in Lockett II, No. 94-DP-0672, the companion post-conviction appeal. Specifically, these claims are time barred by virtue of the three (3) year statute of limitations set forth in § 99-39-5(2), and they are also successive *79 writ barred by virtue of Miss. Code Ann. § 99-39-27(9). In short, each of the first three (3) claims made belatedly by Lockett is doubly barred.
Lockett is presently represented by his fourth team of lawyers. He was represented at trial in 1986 by William O. Townsend, a sole practitioner and part-time public defender, and Cullen C. Taylor and William E. Andrews, III, private practitioners. On direct appeal to this Court in 1987, Lockett was represented by Clive A. Stafford Smith and Bryan A. Stevenson of Atlanta, Georgia. Rebecca L. Wiggs, a member of the Watkins and Eager law firm in Jackson represented Lockett in his first application for post-conviction relief filed in 1988 and denied by this Court in 1992. In this, his second, application for post-conviction relief, Lockett is represented in 1994 by James W. Craig and Julie Ann Epps, two attorneys with the Mississippi Capital Defense Resource Center.
We turn now, within the limited context of a double bar, to an individual examination of Lockett's two remaining claims, one implicating the sentence-determining phase and the other, the guilt-finding phase of Lockett's bifurcated trial for capital murder.

B.

CLAIM 4. THE TRIAL COURT ERRED IN OVERRULING LOCKETT'S REQUEST THAT THE JURY BE INSTRUCTED TO CONSIDER AS A MITIGATING FACTOR THAT LOCKETT WAS UNDER THE INFLUENCE OF INTOXICATING BEVERAGES AND/OR DRUGS.
At trial, Lockett requested instruction D-3 which would have told the jury, inter alia,
that in considering whether or not to sentence the Defendant Carl Lockett to death or to give him life imprisonment you must consider the following mitigating circumstances:
1. The offense was committed while the Defendant was under the influence of intoxicating beverages and/or drugs.
The trial judge declined to give this instruction on the ground it was peremptory in nature as to a finding that Lockett was under the influence of intoxicants or drugs at the time of the offense. Instead, the court granted the often used "catch-all" mitigating circumstance instruction that told the jury it could consider
any other matter, any other aspect of the defendant's character or record, and any other circumstance of the offense brought to you during the trial of this cause which you, the jury, deem to be mitigating on behalf of this defendant.
Lockett claims the jury should have been instructed on his drug and alcohol use as a statutory mitigating circumstance but, if not, the failure to instruct on his drug and alcohol use as a non-statutory mitigating factor was error. According to Lockett, the failure to specifically instruct that Lockett's drug and alcohol use was a mitigating circumstance meant that the jury was without meaningful direction in evaluating it as a mitigator.
This issue was not one of the ten (10) issues raised on direct appeal by Lockett's second team of lawyers. Moreover, it was not one of the thirteen (13) individual grounds presented by Lockett's third troupe of lawyers in his first application for post-conviction relief.
Lockett's direct appeal from his conviction of capital murder was decided September 30, 1987; his petition for rehearing was denied January 13, 1988. The deadline for Lockett's post-conviction papers was January 13, 1991. The present application was not filed until July 13, 1994, more than three and a half (3 1/2) years after the statute of limitations had expired. Accordingly, this belated claim, much like Lockett's first three claims, is time barred pursuant to Miss. Code Ann. § 99-39-5(2).
The claim is also successive writ barred by virtue of Miss. Code Ann. § 99-39-27(9) which states, inter alia, that "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter."
Lockett's claim that fundamental constitutional errors and intervening decisions except him from the successive writ and time bars is devoid of merit. So also is Lockett's claim *80 that his former appellate lawyers were ineffective in the constitutional sense because they did not raise this issue in prior proceedings.
The effective assistance of counsel claim was procedurally barred by waiver in Lockett's first application for post-conviction relief  Lockett v. State, 614 So.2d 898, 903 (Miss. 1992)  where we stated the following:
Lockett had different counsel at trial and on appeal: William O. Townsend of Pearl, Mississippi, and Cullen C. Taylor of Brandon, Mississippi at trial  both guilt and penalty phase  Clive A. Stafford Smith of Atlanta, Georgia, on appeal. Lockett had a meaningful opportunity to raise the issue of ineffective trial counsel on direct appeal but did not do so. Therefore, this claim is procedurally barred by waiver unless Lockett has shown cause or actual prejudice in accordance with Miss. Code Ann. § 99-39-21(4), (5).
Lockett has not alleged nor shown cause nor actual prejudice for not raising this issue on direct appeal. See Wiley v. State, 517 So.2d 1373 (Miss. 1987); Evans v. State, 485 So.2d 276 (Miss. 1986). Therefore, this claim is procedurally barred by waiver pursuant to Miss. Code Ann. § 99-39-21(1) (Supp. 1991).
It cannot reasonably be argued that the mitigating evidence offered by Lockett was beyond the effective reach of the sentencer after the jury was given the catch-all instruction concerning consideration of mitigating factors.
In short, the claim concerning the denial of instruction D-3 is double barred. We turn now to Lockett's fifth and final claim which implicates the guilt-finding phase and involves the denial by the trial court of D-4, a manslaughter instruction.

C.

CLAIM 5. THE TRIAL COURT ERRED IN OVERRULING LOCKETT'S REQUEST FOR A LESSER INCLUDED INSTRUCTION OF MANSLAUGHTER IN VIOLATION OF THE CONSTITUTIONS OF THE UNITED STATES AND MISSISSIPPI.
Lockett assails as constitutional error the denial, during the guilt-finding phase, of his request for D-4, a manslaughter instruction based upon a theory "the Defendant's conduct exhibited or manifest[ed] a wanton or reckless disregard for the safety of human life".
The refusal of the manslaughter charge was not one of the ten (10) issues raised on direct appeal by Lockett's second set of lawyers nor was it among the thirteen (13) individual grounds for relief requested by Lockett's third set of lawyers in his first application for post-conviction relief. Accordingly, this claim, like each of the claims preceding it, is barred by the time bar found in § 99-39-5(2) and the second or successive writ bar found in § 99-39-27(9).
The four (4) statutory exceptions to the second or successive writ bar are: (1) allegations of supervening insanity, (2) intervening decisions which would have actually adversely affected the outcome of Lockett's conviction or sentence, (3) newly discovered evidence, and (4) allegations that a prisoner's sentence has expired or his probation or parole has been unlawfully revoked. The latter three exceptions are also statutory exceptions to the time bar found in § 99-39-5(2) which has been previously discussed.
Supervening insanity has no applicability in this case. Moreover, Lockett has neither alleged nor demonstrated that he has newly discovered evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Lockett has never claimed his sentence has expired or his probation or parole has been unlawfully revoked. Finally, Lockett has neither demonstrated fundamental constitutional error nor cited any intervening decision which would defeat the bars.
Lockett, however, argues that Butler v. State, 608 So.2d 314 (Miss. 1992), is an intervening decision within the meaning and purview of § 99-39-5(2) and § 99-39-27(9) because it would have actually adversely affected *81 the outcome of his conviction or sentence. We disagree.
Butler was decided August 26, 1992, several weeks prior to our decision on October 1, 1992, denying Lockett's first application for post-conviction relief. If Butler is an intervening decision, it intervened 6 years 8 months after the murders of Geraldine and John Calhoun, 6 years 4 months after Lockett's conviction for the murder of Geraldine, 5 years after this Court affirmed Lockett's conviction on direct appeal, and 3 years 8 months after the filing of Lockett's first application for post-conviction relief.
The full text of the D-4 instruction is quoted as follows:
If you find from the evidence in this case beyond a reasonable doubt that:
A. The deceased, Geraldine Calhoun, was a living person; and
B. That she died as a result of the Defendant's actions; and
C. That the Defendant's conduct exhibited or manifest a wanton or reckless disregard for the safety of human life, then you shall find the Defendant guilty of manslaughter.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.
While discussing with the trial judge the propriety of granting this instruction, defense counsel stated to the court that by virtue of some of the evidence presented, the shooting of Geraldine "could have been out of the heat of passion, and we think that would substantiate a manslaughter instruction." Heat of passion, however, was not the basis for D-4. Rather, the basis for D-4 was conduct by Lockett that exhibited a wanton or reckless disregard for the safety of human life, i.e., an act of culpable negligence.
The State received instruction number 3, a capital murder instruction, and number 4, an instruction authorizing the jury to find Lockett guilty of murder less than capital.
Instruction 3 required the jury to find Lockett guilty of capital murder if it found beyond a reasonable doubt that Lockett, with malice aforethought, shot and killed Geraldine, not by accident or misfortune or in necessary self-defense, and if, at the time of the killing, Lockett was engaged in the crimes(s) of burglary, robbery, and/or kidnapping.
Instruction 4, on the other hand, required the jury to find Lockett guilty of murder less than capital if it failed to find beyond a reasonable doubt that at the time of the killing Lockett was engaged in the commission of the crime(s) of burglary, robbery, and/or kidnapping but it found beyond a reasonable doubt that Lockett, with malice aforethought, shot and killed Geraldine, not by accident or misfortune or in necessary self-defense.
The jury, in finding Lockett guilty of capital murder, necessarily found that Lockett killed Geraldine with malice aforethought or deliberate design to effect her death while he was engaged in the commission of the crime(s) of burglary, robbery, and/or kidnapping.
In Butler, a prosecution for capital murder based upon the killing of a nine month old infant while the defendant was engaged in the crime of felonious child abuse, this Court held the defendant was entitled to a manslaughter instruction by virtue of Miss. Code Ann. § 97-3-27 (1972) which reads as follows:
§ 97-3-27. Homicide; killing while committing felony.
The killing of a human being without malice, by the act, procurement, or culpable negligence of another, while such other is engaged in the perpetration of any felony, except rape, burglary, arson, or robbery, or while such other is attempting to commit any felony besides such as are above enumerated and excepted, shall be manslaughter.
This statute would authorize a conviction of manslaughter for a killing occurring in the course of the commission of kidnapping, even though there was no malice aforethought (deliberate design) and no intent to kill.
Miss. Code Ann. § 97-3-19(2)(e) authorizes a conviction of capital murder for a killing "done with or without any design to effect *82 death, by any person engaged in the commission of the crime of rape, burglary, kidnapping, arson, robbery, sexual battery, unnatural intercourse with any child under the age of twelve (12), or nonconsensual unnatural intercourse with mankind, or in any attempt to commit such felonies." [emphasis supplied]
Lockett's fourth crew of lawyers argues that Lockett was sentenced to death under the capital murder statute  Miss. Code Ann. § 97-3-19(2)(e)  when there existed in our criminal jurisprudence another criminal statute for the same offense with the maximum penalty of 20 years imprisonment.
§ 97-3-27 has been around for many years and certainly existed in its present form at the time of Lockett's trial in 1986 for capital murder. The argument advanced belatedly by Lockett's fourth set of lawyers was not presented on direct appeal by his second group of lawyers nor was it presented by Lockett's third team of attorneys in his first application for post-conviction relief.
An "intervening decision" within the meaning and purview of § 99-39-5(2) and § 99-39-27(9) is one "which would have actually adversely affected the outcome of [the defendant's] conviction or sentence." [emphasis supplied] Lockett has failed to demonstrate through his fourth set of lawyers that the Butler case "would have", as opposed to "could have", actually  or as a matter of fact  adversely affected the outcome of the trial. The jury convicted Lockett of capital murder when it had the option of convicting him of murder less than capital. Under the facts of this case which point to a brutal double murder, it cannot reasonably be argued that the jury "would" have "actually" opted for manslaughter.
Prior to our decision on October 1, Lockett was allowed to amend his first post-conviction application in order to add additional claims based upon new decisions. The decision in Butler was available to Lockett for a period of thirty-five (35) days prior to our decision denying Lockett's first application for post-conviction relief. This observation detracts from Lockett's suggestion that Butler is an intervening decision.
In the final analysis, we do not consider the Butler case to be an intervening decision because (1) Butler was decided prior to this Court's decision in Lockett's first application for post-conviction relief and thus was not wholly intervening and (2) Lockett has failed to demonstrate that Butler would have actually adversely affected the outcome of Lockett's conviction or sentence.
Once again, Lockett has failed to demonstrate any fundamental constitutional error or intervening decisions which would exempt his claim from the time bar or the successive writ bar.
Finally, the D-4 instruction tendered by Lockett failed to negate the existence of burglary or robbery as underlying offenses. Even if the killing of Geraldine occurred without malice by culpable negligence but while Lockett was engaged in the commission of either burglary or robbery, or both, as authorized by jury instruction 3, he could not have been found guilty of manslaughter under § 97-3-27 which excepts both burglary and robbery. For this reason, if for no other, D-4 was improper, and Butler inapplicable.

III. CONCLUSION
Lockett's case has been in litigation in the state courts of Mississippi since the commission of the crime on December 13, 1985. This is more than nine (9) years, far too long.
The deadline for the filing of Lockett's application for leave to file in the trial court his motion for post-conviction relief was January 13, 1991. Having missed this deadline by more than three (3) years, his claims are now time barred. In addition to this, our denial on October 1, 1992, of Carl Lockett's first application for post-conviction relief is a final judgment and a bar to a second and successive application filed under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq.
Miss. Code Ann. § 99-39-21(6) states that "[t]he burden is upon the prisoner to allege in his motion such facts as are necessary to demonstrate that his claims are not procedurally barred ..." See also Lockett v. *83 State, 614 So.2d 898, 902 (Miss. 1992) ["The Petitioner carries the burden of demonstrating that his claim is not procedurally barred."]
Lockett has failed to convincingly do so here. He has neither shown nor demonstrated fundamental constitutional errors or intervening decisions which would exempt his claims from the time bar found in Miss. Code Ann. § 99-39-5(2) or the successive writ bar found in Miss. Code Ann. § 99-39-27(9).
Twelve (12) years ago, this Court, speaking through Presiding Justice Broom, stated the following in Smith v. State, 434 So.2d 212, 220 (Miss. 1983), a death penalty case:
We are compelled to note that in the instant case, as is all too often the case in similar post-conviction relief efforts which come before this Court, the petitioner is in actuality merely seeking to relitigate his case. Such is not the proper function of post-conviction relief proceedings in Mississippi. The fair and orderly administration of justice dictates that a person accused of a crime be afforded the opportunity to present his claims before a fair and impartial tribunal. It does not require that he be given multiple opportunities to "take a bite at the apple." Likewise, the orderly administration of justice does not require this Court to "lead a defendant by the hand" through the criminal justice system. It is this Court's responsibility to provide a meaningful opportunity for defendant to raise his claims and have them adjudicated. [emphasis supplied]
Lockett has had his day in the state courts. A defendant in a death penalty case is not entitled to add new issues to his post-conviction papers every time he has a new team of lawyers. Rather, the new lawyers, save for instances of egregious mistakes amounting to constitutionally ineffective counsel, are bound by the action or inaction of former counsel.
"In order to overcome the successive writ bar of Miss. Code Ann. § 99-39-27(9), [Lockett] must demonstrate that there have been intervening decisions from either this Court or the U.S. Supreme Court which would have actually adversely affected the outcome of his conviction or sentence." Gilliard v. State, 614 So.2d 370, 373 (Miss. 1992). See also Grubb v. State, 584 So.2d 786, 788 (Miss. 1991). The same is true with respect to the time bar in § 99-39-5(2). The application of these bars is not diminished in death penalty cases where every effort is made to apply them fairly and evenhandedly.
Lockett has failed to make the required showing with respect to any of his five (5) claims. Accordingly, his application is denied together with any and all relief requested in his attached motion to vacate or set aside judgment, conviction and sentence of death.
An order issued by this Court on December 27, 1988, staying Lockett's execution is still in effect. On March 7, 1994, the State filed a "Motion to Vacate the Stay of Execution, Issue the Mandate and Reset Execution Date." This motion is granted.
On July 15, 1994, Lockett filed a "Motion to Defer Setting Date of Execution" requesting this Court (1) to defer setting an execution date until after the disposition of his post-conviction proceedings in this Court and, in the event this Court denies relief, requesting this Court (2) to defer setting an execution date until Lockett has been given 90 days to present his claims to the federal courts via habeas corpus. Lockett's motion to defer is denied.
CONVICTION OF CAPITAL MURDER AND SENTENCE OF DEATH AFFIRMED. WEDNESDAY, JUNE 21, 1995, SET AS DATE FOR EXECUTION OF SENTENCE IN THE MANNER PROVIDED BY LAW.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, BANKS, McRAE and ROBERTS, JJ., concur.
PITTMAN and SMITH, JJ., not participating.