# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CA-01206-SCT

*ROBERT JAMES JONES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/12/95 |
| TRIAL JUDGE: | HON. EUGENE M. BOGEN |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/16/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/6/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Robert James Jones was indicted by the Washington County Grand Jury during the July 1990 Vacation Term for possession of a concealed firearm by a convicted felon under Miss. Code Ann. § 97-37-1. He was convicted and sentenced to a five-year term in the Mississippi Department of Corrections on February 15, 1991. Apparently, Jones never filed a direct appeal from this conviction. On August 1, 1995, Jones filed his Motion to Vacate and Set Aside Judgment of Conviction & Sentence (hereinafter PCR motion) in the Washington County Circuit Court. Circuit Court Judge Eugene Bogen dismissed Jones's PCR motion due to the time bar in an order dated October 12, 1995. Jones appeals to this Court from the lower court's denial of post conviction relief in his case.

## <u>STATEMENT OF THE LAW</u>

### I.

### WHETHER THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S POST

**CONVICTION MOTION AS TIME BARRED, PURSUANT TO MISS. CODE ANN. § 99-39-5(2) (1994).**

¶2. Judge Bogen dismissed Jones's PCR motion, finding that it was filed after the deadline prescribed in Miss. Code Ann. § 99-39-5(2) (1994).

> A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

Miss. Code Ann. § 99-39-5(2) (1994).

¶3. Appeals to this Court are made by filing a notice of appeal with the trial court "within 30 days after the date of entry of the judgment or order appealed from." M.R.A.P. Rule 4(a). Jones was sentenced in an order dated February 15, 1991. The deadline for Jones to file a direct appeal from his conviction and sentence would have been March 18, 1991. That would place the deadline for Jones to file his PCR motion on March 18, 1994. Since Jones did not file his PCR motion until August 1, 1995, his motion is time barred unless he raises a claim falling within one of the recognized exceptions.

> Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Miss. Code Ann. § 99-39-5(2) (1994). We have previously approved the three statutory exceptions to the time bar for PCR motions: (1) intervening decisions which would have adversely affected the outcome of the petitioner's conviction or sentence, (2) newly discovered evidence, and (3) expired sentence or unlawful revocation of the petitioner's probation, parole, or conditional release. ***Bevill v. State***, 669 So.2d 14, 17 (Miss. 1996); ***Logan v. State***, 661 So.2d 1137, 1138-39 (Miss. 1995). We have also recognized an exception to procedural bars where a fundamental constitutional right is involved. ***Bevill***, 669 So.2d at 17 (citing ***Luckett v. State***, 582 So.2d 428 (Miss.1991); ***Smith v. State***, 477 So.2d 191 (Miss.1985)).

¶4. In ***Lockett v. State***, 656 So.2d 68, 71 (Miss. 1995) (***Lockett I***), this Court stated, "The statutory exceptions to the time bar are (1) allegations of supervening insanity, (2) intervening decisions which would have adversely affected the outcome of Lockett's conviction or sentence, and (3) newly discovered evidence." ***Lockett I*** at 71. This Court reiterated the ***Lockett I*** exceptions in the recent decision of ***Kincaid v. State***, 1997 WL 280664 (Miss.), slip opinion at 2. However, in ***Lockett v. State***, 656 So.2d 76, 80 (Miss. 1995) (***Lockett II***), this Court recognized that the supervening insanity exception applies to the successive writ bar, and not the time bar. ***Lockett II*** at 80. The

Court further noted that the exception for expired sentence or unlawful revocation of the petitioner's probation, parole, or conditional release applies to the time bar. *Id*. Although *Lockett I* and *Lockett II* were decided on the same day, apparently there was an oversight in *Lockett I* in confusing the exceptions to the time bar with the exceptions to the successive writ bar. We now overrule those portions of *Lockett I* and *Kincaid* which incorrectly outline the three recognized statutory exceptions to the time bar for PCR motions. In so doing, we reaffirm our holdings in *Bevill*, *Logan*, and *Lockett II*, approving the three statutory exceptions to the PCR motion time bar.

¶5. Regardless, Jones does not assert a claim falling under any of the three statutory exceptions, nor does he assert any error involving a fundamental constitutional right. The trial judge properly dismissed his PCR motion as time barred. *Brown v. State*, 643 So.2d 937, 938-39 (Miss. 1994) (citations omitted).

## CONCLUSION

¶6. Jones failed to file his PCR motion within the three-year time period prescribed by Miss. Code Ann. § 99-39-5(2) (1994). He fails to make a claim falling under any of the recognized exceptions. As a result, the trial judge properly dismissed his motion as time barred. We therefore affirm the lower court's denial of post conviction relief in this case.

**¶7. LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**