ROBERTS, J.,
specially concurring:
¶ 15. I write separately because I find that Magee’s motion for post-conviction relief (PCR) was untimely. On September 5, 2012, Magee filed a PCR motion and claimed that the Pearl River County Circuit Court unlawfully revoked his post-release supervision on July 21, 2009. Because Magee’s claim is based on the allegation that his post-release supervision was unlawfully revoked, the three-year time limit for filing a PCR motion does not apply. Miss.Code Ann. § 99-39-5(2) (Supp.2014). But that does not mean that Magee had an unlimited amount of time to file his unlawful-revocation claim.
¶ 16. A PCR motion “shall be filed as an original civil action.” Miss.Code Ann. § 99-39-7 (Supp.2014). No Mississippi statute provides a specific statute of limitations for unlawful-revocation claims. This Court recently held that the catch-all statute of limitations set forth in Mississippi Code Annotated section 15-1-49(1) (Rev. 2012) applies to unlawful-revocation claims. Fluker v. State, 2013-CP-00608-COA, — So.3d - (¶ 18) (Miss.Ct.App.2014). In Fluker, this Court held:
Section 99-39-5(2) does not allow an unlimited period of time for Fluker to file for post-conviction collateral relief. Section 99-39-5(2) specifically reads “[e]xcepted from this three-year statute of limitations,” and this refers to the three-year time-bar of section 99-39-5(2). It does not provide Fluker an exception to the three-year statute of limitations in Mississippi Code Annotated section 15-1-49 (Rev. 2012). Otherwise, any prisoner who claims that his conditional release has been unlawfully revoked has no statute of limitations and can bring his claims decades after his revocation. Such is not the case.
Id. The majority does not overrule Fluker. Instead, it describes the time-bar rationale in that case as “dicta.” That there were two equally applicable rationales for the outcome of that ease does not mean that one or the other qualifies as dicta.
¶ 17. Section 15-1-49(1) states that “[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.” The circuit court revoked Magee’s post-release supervision on July 21, 2009. Magee’s unlawful-revocation claim accrued on that day. He had three years from that date to file his claim. Because Magee raised his unlawful-revocation claim in the PCR motion that he filed on September 5, 2012, his claim was untimely. It is appropriate to summarily dismiss an untimely PCR motion. Jones v. State, 700 So.2d 631, 633 (¶ 6) (Miss.1997). The circuit court mistakenly found that Magee’s PCR motion was untimely under section 99-39-5(2) instead of section 15-1-49(1), but the circuit court reached the right result. I would end the analysis here.
¶ 18. With utmost respect, I disagree with the majority’s conclusion that the application of the catch-all statute of limitations conflicts with the spirit of the Uniform Post-Conviction Collateral Relief Act (UPCCRA). I believe it conforms with that spirit. Through section 99-39-5(2), the overwhelming majority of PCR peti *1199 tioners have a limited amount of time— three years from a certain triggering event — to file a collateral attack on their convictions or sentences. But unlawful-revocation claims almost always arise well after three years from the date of conviction or an appellate court’s decision to affirm a prisoner’s direct appeal.[7] It follows that PCR petitioners who raise unlawful-revocation claims cannot be expected to advance them before the event that triggers them occurs. Even so, no language within the UPCCRA indicates that the Legislature did not intend for us to apply the catch-all statute of limitations that it has enacted. It is illogical to suggest that the vast majority of PCR claims have limited lifetimes, but unlawful-revocation claims are immortal.
¶ 19. Public policy supports the concept that prisoners have a limited but reasonable amount of time to raise unlawful-revocation claims. Witnesses, attorneys, judges, court reporters, and other essential participants in the revocation process eventually move, quit their jobs, die, or otherwise become unavailable. Records become lost or misplaced, transcripts become unobtainable, and memories fade. As the Mississippi Supreme Court has stated:
The primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.
Cole v. State, 608 So.2d 1313, 1317 (Miss.1992). “It is a well-settled principle that a state may attach reasonable time limitations to the assertion of ... constitutional rights.” Id at 1319. “Furthermore, statutes of limitations speak to matters of remedy and procedure, rather than the destruction of fundamental rights.” Id “While it is important that one convicted of [a] crime in violation of constitutional principles should be a[ff]orded relief, it is also important that reasonable diligence be required in order that litigation may one day be at an end.” Id. at 1320. A reasonable statute of limitations “guards the state’s legitimate expectation that it will not be called upon without due cause, to defend the integrity of convictions that occurred many years ago, where records and witnesses are no longer available.” Id. The same rationale applies to unlawful-revocation claims.
¶ 20. The majority expresses concern that a prisoner may be held indefinitely with no remedy if he is held more than three years after his sentence has expired. Although such a scenario seems highly unlikely, under those circumstances, a prisoner could still file for a writ of habeas corpus. The UPCCRA did not abolish writs of habeas corpus under Article III, Section 21 of the Mississippi Constitution. Carson v. Hargett, 689 So.2d 753, 755 (Miss.1996). Mississippi Code Annotated *1200 section 99-39-3(1) (Supp.2014) states that the UPCCRA is the “exclusive and uniform procedure for the collateral review of convictions and sentences.” Depending on the scenario, a prisoner’s claim that he is being held after his sentence has expired would not be a collateral attack on the validity of his conviction or sentence. Instead, it would be based on his continued allegedly illegal confinement.
¶ 21. To summarize, I respectfully disagree with the majority’s conclusion that no statute of limitations applies to unlawful-revocation claims. I find that the catch-all statute of limitations applies. Notwithstanding my collegial difference of opinion in that regard, I agree with the majority’s decision to affirm the circuit court’s judgment summarily dismissing Magee’s PCR motion. I simply take a slightly different path to reach the same destination.
GRIFFIS, P.J., MAXWELL AND FAIR, JJ., JOIN THIS OPINION.

. For example, assume a prisoner pled guilty to manslaughter, and he was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with five years suspended and fifteen years to serve, followed by five years of post-release supervision. If he is discharged from MDOC custody and his post-release supervision is revoked sixteen years after he pled guilty, it would be completely nonsensical to expect him to have filed his unlawful-revocation claim within three years of his judgment of conviction for manslaughter. Otherwise, his claim would have expired approximately thirteen years before it arose.